On the former appeal we held, Mr. Justice Hirschberg writing, that the court had power, after the making of a motion by the defendant to vacate a warrant of attachment, to supply an omission in the warrant by amending the same. There is no difference in the power of the court to make such amendment as against the defendant and as against a person who, like the present appellant, claims to have acquired an interest in the property attached under' the warrant. The omission to state in the warrant the ground on which it was issued was a mere irregularity. In a well-considered opinion in Sulzbacher v. J. Cawthra & Co., 14 Misc. Rep. 545, 36 N. Y. Supp. 8, affirmed on opinion below in 148 N. Y. 755, 43 N. E. 990, the general term of the New York common pleas held that the general power of amendment allowed by the Code and inherent in the court applies to attachment proceedings, and that new affidavits might be introduced to supply defects in the original affidavit and to show facts authorizing the attachment. In the case at bar, as the affidavits on which the warrant was issued were sufficient to confer jurisdiction to issue the warrant, the omission of the warrant to state the ground upon which it was issued, as we have heretofore held, was one which could be cured by amendment. The court, having jurisdiction to issue the warrant, had power, under section 723 of the Code of Civil Procedure, to amend the process nunc pro tunc, and consequently the rights of the parties must be determined as if the warrant had been originally issued in proper form. As the appellant acquired his rights subsequently thereto, he secured by his deed no interest superior to that acquired by the plaintiff by virtue of her attachment. The order should therefore be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

(68 App. Div. 219.)

### NOLAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

1. MASTER AND SERVANT—NEGLIGENCE—RES IPSA LOQUITUR.

The doctrine of res ipsa loquitur is not confined to accidents where the injured party has no contractual relation with the party sought to be charged, but is applicable in suits for negligence by a servant against the master.

2. SAME—EVIDENCE.

Where a servant, while under an elevated railroad structure maintained by his master, was injured by a block falling on him from such structure, but there was no evidence to show whether it was a part of the structure, merely lying on it, and the evidence showed that a train was passing over the road when the block fell, so that it might have fallen from the train, there was no evidence raising a presumption of negligence on the part of the master under the doctrine of res ipsa loquitur.

Appeal from trial term, Kings county.

Action by Michael Nolan against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and JENKS, JJ.

I. R. Oeland, for appellant.
Arthur H. Wills, for respondent.

WILLARD BARTLETT, J.  The plaintiff, at the time he re-
ceived the injury which gave rise to this action, was employed in
the service of the defendant upon a sand car on the defendant's
surface railroad in the borough of Brooklyn.  At that time the de-
fendant leased and operated a steam elevated railroad known as
the "Fulton Street Elevated Line," and the sand car upon which
the plaintiff was riding was running underneath the elevated struc-
ture.  A block of wood about 18 inches long, 6 inches wide, and
4 inches thick fell from the elevated structure, and struck the plain-
tiff upon the head, inflicting injuries for which the jury awarded
him damages in the sum of $750.  In the charge the learned trial
judge instructed the jury that the plaintiff was entitled to recover
only upon proof that the block of wood by which he was injured
had been in some way connected with the elevated structure, and
that it fell by reason of negligence of the company in not keeping
the structure in order.  The only fault found with this instruction
by counsel for the appellant is that there was no evidence in the
case to warrant the jury in finding that the piece of wood which
fell and injured the plaintiff had ever been a portion of the structure
of the defendant's elevated railroad, and I think that his assertion
in this respect is sustained by the record.  The doctrine of res ipsa
loquitur is invoked in support of the judgment, and would be ap-
plicable if there were proof tending to show that the block was a
part of the elevated railroad, and had become detached therefrom,
and fallen upon the plaintiff.  That doctrine is not confined to acci-
dents where the party injured has no contractual relation with the
party sought to be charged.  On the contrary, it has been applied
in this and other states in negligence suits between servant and
master.  Green v. Banta, 48 N. Y. Super. Ct. 156, affirmed in 97
N. Y. 627.  The case cited, and many others on the same subject,
are reviewed by Judge Cullen in Griffen v. Manice, 166 N. Y. 188,
59 N. E. 925, 52 L. R. A. 922, which contains the fullest and most
satisfactory discussion of the rule of res ipsa loquitur to be found in
the law reports of this state; and it is there distinctly held that the
application of the rule does not depend upon the relation of the par-
ties.  "Of course," says Judge Cullen, "the relation of the parties
may determine the fact to be proved, whether it be the want of the
highest care or only want of ordinary care; and, doubtless, circum-
stantial evidence, like direct evidence, may be insufficient as a mat-
ter of law to establish the want of ordinary care, though sufficient
to prove absence of the highest degree of diligence.  But the ques-
tion in every case is the same,—whether the circumstances surround-
ing the occurrence are such as to justify the jury in inferring the
fact in issue."  The reason why the doctrine of res ipsa loquitur is
insufficient to uphold the verdict in the present case is that the mere

fall of the block of wood from off the elevated structure overhead does not, alone and of itself, indicate whether it was brought about by any want of care for which the defendant, as master, can be held liable to the plaintiff, as servant. In the absence of any information · as to the previous location of the block,—whether as a component part of the elevated structure itself, or lying loose upon it, or in the hands of a fellow servant of the plaintiff at work on the tracks above him,—we .are unable to determine, or even to guess, whether there was any negligence for which the law imposes any liability upon the defendant. Indeed, the proof shows that a train was passing over the elevated line at the time when the stick of wood fell, and upon all the evidence there is just as much reason to suppose that it fell from the train as there is to suppose that it had become detached from the railroad itself.

In my opinion, the proof was insufficient to take the case to the jury, and the judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.